IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DALE MAISANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-0947 |
| ) | |
| CORIZON HEALTH INC., ) | Judge Sharp |
| ATTORNEY GENERAL OF THE UNITED ) | |
| STATES, ERIC HEMPTON HOLDER, JR., ) | |
| WEXFORD HEALTH SERVICES, and ) | |
| STATE OF ARIZONA, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are yet another a *pro se* complaint (ECF No. 1) and an application to proceed *in forma pauperis* (ECF No. 2) filed by plaintiff Dale Maisano.

As an initial matter, the Court finds that the plaintiff has substantially complied with the restraining order entered against him on August 11, 1992 by Senior United States District Judge Stephen M. McNamee, *see Maisano v. Lewis*, CIV 92-1026-PHX-SMM (MS) (D. Ariz. Aug. 11, 1992) (Order and Restraining Order). The Court will therefore provisionally permit the present filing.

A.  **Application to Proceed *In Forma Pauperis***

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the civil filing fee required by 28 U.S.C. § 1914(a). Because the plaintiff has submitted an *in forma pauperis* affidavit and a certified trust fund account statement, as required by 28 U.S.C. § 1915(a)(2), and because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application ordinarily would be granted without further discussion.

In this case, however, as suggested above, the plaintiff has filed dozens of cases that have previously been dismissed for failure to state a claim or for frivolity. The effect of the PLRA was to implement "constraints designed to prevent sportive filings in federal court." *Skinner v. Switzer*, 131 S. Ct. 1289, 1299 (2011). The PLRA provides that a prisoner who would otherwise be qualified to proceed *in forma pauperis* is not eligible to do so if he has,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In other words, a prisoner-plaintiff who meets this standard—that is, who has "three strikes"—while not precluded from filing a civil lawsuit in federal court, may not do so at taxpayer expense unless he is under "imminent danger of serious physical injury." *Id.*

The plaintiff here seeks to avoid the application of § 1915(g) by alleging that he is under imminent danger of serious physical injury based on prison officials' failure to treat the plaintiff's "urology/bladder etc. kidney urin[e] issues" (ECF No. 1, at 3). The plaintiff alleges that he has a serious urological condition that has been diagnosed by a urologist, that treatment has been ordered but never provided, that he has suffered from the problem for over a year and it has become worse as a result of the failure to treat it, and that it affects his daily activities and causes ongoing hardship. (ECF No. 2–4.) More specifically, the plaintiff alleges that he experiences pain when passing urine, and that he has a "leakage" problem that has become more pronounced recently. The plaintiff seeks to hold Corizon Health, Inc. and Wexford Health Services, as well as the state of Arizona and Attorney General Eric Holder, liable for the failure adequately to treat his condition. He alleges that "all defendants" and the medical staff employed at the prison where he is incarcerated are aware of his condition and have acted with deliberate indifference in failing to treat it. He also alleges that the failure to treat is motivated by the medical providers' desire to save money. The plaintiff states he was sent to an outside doctor a "few days ago," but that this doctor did not have any of the plaintiff's past medical records, and, although he prescribed medication, the plaintiff never received that medication. The plaintiff asserts that he is in imminent danger of serious physical injury as a result of the failure to treat his worsening urological problems. The plaintiff's complaint is supplemented by documentation indicating he has been requesting treatment for pain upon urination and increased problems with leaking urine.

Because the Court finds that the plaintiff has adequately alleged imminent danger of serious physical injury resulting from the alleged failure to treat a potentially serious medical condition, the application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**. However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. In accordance with the PLRA, the

3

plaintiff is hereby assessed[1] the full $350 filing fee,[2] to be paid as follows:

(1) The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

If the plaintiff is transferred to a different prison or released, he is **ORDERED** to notify the court immediately, in writing, of his change of address.

The Clerk of Court is **DIRECTED** send a copy of this order to the Warden of the Arizona State Prison to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

---

[1] The Court is fully aware of the futility of assessing the fee against Maisano, but is required by statute to do so nonetheless.

[2] Effective May 1, 2013, the Judicial Conference of the United States established a $50 administrative fee for filing a civil action in a U.S. District Court, as a result of which the fee for filing a new civil case increased to $400. The $50 administrative fee does not apply to cases filed by *pro se* prisoner plaintiffs who have been provisionally granted permission to proceed *in forma pauperis*.

**B.    Transfer of Case**

Having granted the application to proceed as a pauper, the Court would ordinarily conduct an initial review of the plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. In this case, however, an initial perusal of the complaint reveals that it was filed in the wrong venue.

The plaintiff is housed at the Arizona State Prison ("ASP") in Tucson, Arizona. Although he alleges that one of the defendants named in the complaint, Corizon, has its principle place of business in Tennessee, the claims in his complaint are based upon the conditions of the plaintiff's confinement while he has been detained at the ASP. The defendants named in the complaint other than Corizon have no connection whatsoever to the state of Tennessee, and this Court lacks jurisdiction over them.

The general venue statute, 28 U.S.C. § 1391(b) states:

A civil action may be brought in–

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3). An entity named as a defendant is deemed to "reside" "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). While Corizon's corporate headquarters are in Tennessee, it also "resides" in Arizona for purposes of the venue statute, since it operates in and is subject to jurisdiction in that state for purposes of the plaintiff's claims. Moreover, none of the other defendants reside in Tennessee. Venue is therefore not appropriate in Tennessee under § 1391(b)(1). Because the events giving rise to Maisano's complaint occurred in Arizona, venue in Tennessee is not appropriate under § 1391(b)(2) either. Venue is appropriate in Arizona under both provisions, however. Consequently, the last-resort venue provision in § 1391(b)(3) does not apply. In short, regardless of the fact that Corizon would be subject to jurisdiction in this Court, venue for this action is appropriate only in the state of Arizona.


Accordingly, IT IS **ORDERED** that this case be transferred to the United States District Court for the District of Arizona, Tucson Division, pursuant to 28 U.S.C. § 1406(a), for all further proceedings.

This Court has not conducted an initial review of the plaintiff's complaint under 28 U.S.C. § 1915(e)(2) or § 1915A.

It is so **ORDERED**.

*/s/ Kevin H. Sharp*
Kevin H. Sharp
United States District Judge